UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

)
LOUIS A. MANDARINI, III, et al., )
)
    Plaintiff(s), )
)
v. ) Civil No. 17-11123-LTS
)
ACCURATE ENGINEERED )
CONCRETE, INC. and FRANK J. )
FRANZONE, INC., )
)
    Defendant(s). )
)

ORDER ON MOTION TO EXTEND PREJUDGMENT ATTACHMENTS AND INJUNCTION
(DOC. NO. 73)

September 16, 2019

SOROKIN, J.

    Previously, in June of 2019, the Court issued injunctive relief attaching the assets of both Defendants. Both Defendant corporations dissolved on December 31, 2018. Massachusetts law provides for a three-year winding up period after the dissolution of a corporation during which the assets of the corporation are held in trust for the benefit, in part, of the creditors of the corporation.[1] M.G.L. ch. 156B, § 102; In re Na-Mor, Inc., 437 B.R. 482, 485–86 (Bankr. D. Mass. 2010). Mr. Frank Franzone was the only shareholder, director, and officer of the two Defendant corporations on December 31, 2018.[2] Doc. No. 93 at ¶¶ 6-11, 56. He is also the

---

[1] Winding up refers to the process of dissolution of a partnership or corporation by disposing or conveying assets, satisfying outstanding debts and obligations, defending or prosecuting suits, and making distributions to shareholders. This practice is sometimes also referred to as winding down.

[2] Based on info before the Court and in pending Summary Judgment Motions that Mr. Frank Franzone is the sole shareholder, officer, director, and Chief Operating Officer as of December

trustee responsible for the assets of each of the two now dissolved corporate Defendants.  He is not personally a party to this action.

Plaintiffs request this Court to (1) extend the attachment to encompass the assets of the defendant corporations in the possession of Mr. Frank Franzone and (2) require the Defendants and Mr. Frank Franzone to provide an accounting of the Defendants' present assets as well as any transfers since December 31, 2018.  The Motion is ALLOWED in a slightly different form of order than requested by the Plaintiffs.  The assets the Plaintiffs seek to restrain are not Mr. Franzone's personal assets but those assets he holds in trust for the Defendants.  While the existing Order likely encompasses those assets (a point not fully addressed by the parties nor considered by the court), the clarity of the extension of the Order will benefit the parties and is warranted by the basis for the original injunction.  Given the information before the Court regarding the possible blurring of corporate formalities, corporate Defendants with potentially large obligations outstanding to a pension fund, and Mr. Franzone's role as trustee of the corporate assets post-dissolution, an accounting is well justified.

Several points raised by Defendants in opposition bear brief comment.  First, that Mr. Franzone is not a party to the case is not material to the order sought.  He is the object of the order much like a bank holding assets for a third party might be the subject of a restraining order.  Second, the Court concludes he has actual notice of the pending motion.  Given the points noted above, he is the only person that could have hired counsel or authorized the filing of an opposition by defendants.  Moreover, counsel conceded he would accept service for Mr. Franzone (Doc. No. 84-6), and in any event, Mr. Franzone may file a motion to vacate the order

---

31, 2018 and at all relevant times was a significant shareholder, officer, director, and Chief Operating Officer of Accurate Engineered Concrete, Inc. and Frank J. Franzone, Inc.

*nunc pro tunc* provided he does so within seven days. Third, while apparently the conferral did not encompass the accounting, in present circumstances that elevates form over substance. Defense counsel has not suggested that the parties might reach agreement on the form of an accounting or that Mr. Franzone would agree to any sort of accounting.

Accordingly, the Court hereby extends the existing preliminary injunction to Mr. Franzone to the extent he holds assets received on or after December 31, 2018, (1) from either Defendant or (2) for the benefit of either Defendant. In addition, the Court Orders Mr. Franzone to provide an under oath accounting of (1) the assets of each Defendant corporation on December 31, 2018, (2) the disposition of each such asset since that date, (3) the assets or other receipts from or for the benefit of either corporation since December 31, 2018 including the disposition of each such asset, and (4) the assets Mr. Franzone presently holds directly or indirectly for the benefit of either Defendant. The word asset encompasses both tangible and intangible things of value. The accounting shall distinguish between assets of each Defendant. Mr. Franzone shall provide this accounting by September 30, 2019. If defense counsel objects to accepting service of this Order for Mr. Franzone, he shall file such an objection including the basis for this objection no later than Friday, September 20, 2019. The Motion to Extend (Doc. No. 73) is ALLOWED as set forth herein and OTHERWISE DENIED.

SO ORDERED.

  /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge