UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |   |
|---|---|---|
| LOUIS A. MANDARINI III et al., | ) | |
| Plaintiffs, | ) | |
| v. | ) | Civil No. 17-11123-LTS |
| ACCURATE ENGINEERED CONCRETE, INC. and FRANK J. FRANZONE, INC., | ) | |
| Defendants. | ) | |

ORDER ON MOTIONS TO STRIKE AND TO QUASH (DOC. NOS. 94, 95, 108, 116)

December 31, 2019

SOROKIN, J.

The parties have filed several motions to strike and to quash papers submitted in connection with the pending motions for summary judgment. Doc. Nos. 94, 95, 108, 116. For the reasons that follow, Defendants' motions (Doc. Nos. 94, 95, and 116) are DENIED. Plaintiffs' motion (Doc. No. 108) is ALLOWED IN PART and DENIED IN PART.

I. Defendants' Motion to strike Paragraphs 18 and 27-31 of the Affidavit of Louis Mandarini (Doc. No. 94).

Defendants move to strike certain paragraphs of the affidavit submitted by Plaintiff Louis Mandarini (Doc. No. 69) in support of Plaintiffs' motion for summary judgment. Doc. No. 94. Plaintiffs oppose. Doc. No. 109.[1] Defendants' Motion (Doc. No. 94) is DENIED. Insofar as Mandarini explains his application of the relevant collective bargaining agreements to the facts at

---

[1] Citations to "Doc. No. __" reference documents appearing on the court's electronic docketing system; pincites are to the pages numbers in the ECF header.

1

issue in this case, it is admissible for that purpose. To the extent Defendants object that Mandarini restates other admissible evidence, that objection is not a basis to strike and, in any event, this is immaterial to the resolution of the parties' pending summary judgment motions.

II. <u>Defendants' Motion to Strike Exhibits E and F to Plaintiffs' Motion for Summary Judgment (Doc. No. 95).</u>

Defendants also move to strike Exhibits E and F to Plaintiffs' motion for summary judgment. Doc. No. 95. Plaintiffs oppose. Doc. No. 109. The exhibits in question are transcripts of depositions given by Mr. Frank Franzone and his office manager, Ms. Cynthia Zangari, in another federal civil lawsuit. Defendants advance various reasons to strike these exhibits. Chiefly, Defendants complain that the transcripts are unauthenticated and that the original deposition transcripts were corrected by the witnesses, and they imply that the copies before the Court are not the final accurate versions, without, however, submitting any other versions of the transcripts.

Defendants' objections are without merit. The only evidence Defendants offer to support their objections comes from a single paragraph of an affidavit submitted by Mr. Frank Franzone. Doc. No. 95 at 2 (citing Doc. No. 92 ¶5). But that paragraph is no support, for although Mr. Franzone refuses to acknowledge that Plaintiffs' submitted transcripts are correct, he carefully avoids stating under oath that they are not—either generally or in any particular respect. Doc. No. 92 ¶5. Nor does he state that errata sheets were signed and submitted pursuant to the rules. <u>Id</u>.

In response to Defendants' motion to strike, Plaintiffs have submitted a sworn affidavit establishing that the submitted transcripts are accurate and that they received neither signature pages nor errata sheets. Doc. No. 109-1. Under these circumstances, Defendants' foregoing objections are overruled.

Defendants advance a plethora of other meritless arguments that do not require discussion (e.g. contending that under-oath statements of the owners and managers of party opponents are "clearly hearsay" or inadmissible or do not bind Defendants because they were not made by witnesses formally designated as 30(b)(6) witnesses). See generally Doc. No. 95. Defendants' motion to strike Exhibits E and F (Doc. No. 95) is DENIED.

III.   Plaintiffs' Motion to Strike Affidavit of Frank J. Franzone (Doc. No. 108).

Plaintiffs move to strike the affidavit of Mr. Frank Franzone (Doc. No. 92) either in its entirety, or as to numerous identified paragraphs, on the grounds that Mr. Franzone's affidavit is directly contradicted either by his deposition testimony or his sworn responses to interrogatories, or otherwise contains inadmissible evidence. Doc. No. 108. Defendants oppose. Doc. No. 115. The Court addresses the relevant identified paragraphs in turn.

   a.   Paragraphs 6-10

In paragraph 8 of his Affidavit, Mr. Franzone describes various people as owning various percentages of Defendants Accurate and Engineered. Doc. No. 92 ¶ 8. Mr. Franzone provides no dates for these assertions though he goes on to state that in March 2016 he acquired all shares of both companies.

In his deposition, by contrast, Mr. Franzone gave the following testimony:

Q:   And ownership of the two companies. You own both Accurate and Frank Franzone [Inc]?
A:   Yes
Q:   Well, historically you owned both?
A:   Yes.
Q:   You recently sold – and I'll get to this later. There was recently a sale involving Frank Franzone, Inc., right?
A:   I think four or five months ago, yes.

3

> Q: Did anyone else – prior to this sale, did anyone else <u>at any point</u> ever own any equity in Accurate or Frank Franzone [Inc.]?
>
> A: Not to my knowledge, no.

Doc. No. 106-2 at 10 (Franzone Dep. Tr. at 30-31) (emphasis added).[2]

In addition, Mr. Franzone stated as follows in sworn interrogatory responses:

> Interrogatory No. 9:
>
> Identify the office or business address and employment history (including job titles and responsibilities) for each current and former officer and/or director of Accurate, <u>from the date of incorporation of Accurate to the present</u>.
>
> Response:
>
> Objection to the extent this interrogatory is vague, overbroad, unduly burdensome and seeks information that is irrelevant and not proportional to the needs of the case. Without waiving these objections defendant states as follows: Frank J. Franzone has been president, treasurer, secretary and sole shareholder. He and Brian Davis are the directors. The business address is 36 Newark Street, Haverhill.
>
> Interrogatory No. 10:
>
> Identify the names and addresses of all persons or entities owning stock or other ownership interest (and the percentage or extent of ownership) in Accurate, <u>from the date of incorporation of Accurate to the present</u>.
>
> Response: Please see above responses.

Doc. No. 106-8 at 5 (Accurate's responses and objections to Plaintiff Mandarini's first set of interrogatories) (emphasis added).

The law does not permit Mr. Franzone to contradict his sworn deposition testimony and sworn interrogatory answers by submitting an affidavit to manufacture conflicts of fact so as to defeat summary judgment. "'When an interested witness has given clear answers to unambiguous questions [at deposition], he cannot create a conflict and resist summary judgment with an affidavit

---

[2] A few lines later in the transcript, Mr. franzone does say, in response to a specific question, that his nephew Brian Davis "may have" held equity in one of the companies, but "I [Mr. Franzone] don't remember." Id.

that is clearly contradictory, but does not give a satisfactory explanation of why the testimony is changed.'" Pena v. Honeywell Int'l, Inc., 923 F.3d 18, 30 (1st Cir. 2019) (alteration in original) (quoting Colantuoni v. Alfred Calcagni & Sons, Inc., 44 F.3d 1, 4-5 (1st Cir. 1994)); see also Flaherty v. Entergy Nuclear Operations, Inc., No. 18-1759, 2019 U.S. App. LEXIS 38236, *15 (1st Cir. Dec. 23, 2019) (same).

Mr. Franzone tries to explain the change in testimony by saying that he understood the question at his deposition to be asking about present ownership only, Doc. No. 92 ¶ 9, and that his answers to the interrogatories "were made subject to the objections that the interrogatories were overbroad," id. ¶ 10, without however, specifying in his responses that he was only answering for a specific period of time. Mr. Franzone's explanations, which are not supported by any documentary evidence, are not satisfactory. Neither the deposition questions nor the interrogatories were unclear or ambiguous. Plaintiffs' motion to strike paragraphs 6-10 of Mr. Franzone's Affidavit is therefore ALLOWED.

  b. Paragraph 11

Plaintiffs move to strike paragraph 11 of Mr. Franzone's affidavit, which purports to describe what another witness knew or did not know. Doc. No. 92 ¶ 11 ("I understand that at his deposition Brian Davis stated that he did not know he was a director of Accurate until he was asked to agree to dissolve the company. What he stated was not true."). Plaintiffs' motion is ALLOWED to the extent Mr. Franzone attests to what Mr. Davis knew or did not know. To the extent Mr. Franzone's affidavit merely contradicts what Mr. Davis said in his own deposition, Plaintiffs' motion to strike paragraph 11 is DENIED.

c. Paragraphs 23-29

Plaintiffs move to strike paragraphs 23-29 of the Franzone affidavit, which describes the kind of work each of the companies did, and supports Defendants' contention that approximately 70% of the labor hours expended by Engineered (the non-union company) were spent engaged in Maxxon Gyp-Crete work, which Defendants argue is not covered by any of the CBAs at issue. See Doc. No. 90 at 24. Mr. Franzone does not point to any documentary evidence to support his statement that 70% of the hours expended by Engineered were spent on Maxxon Gyp-Crete work. He attests in his affidavit that 70% of Engineered's revenues during the relevant time period "were from 'Total Gyp-Crete,' which is Maxxon Gyp-Crete work," and that "[t]he percentage of [Engineered's] labor hours spent on Maxxon Gyp-Crete jobs is roughly the same as the percentage of revenues from Maxxon Gyp-Crete jobs." Doc. No. 92 ¶ 24-25

Plaintiffs seek to strike paragraphs 23 to 29 on the grounds that they directly contradict the sworn testimony of Mr. Franzone and others, as well as documentary evidence that Defendants (Accurate and Engineered) performed the same kind of work, and that all of it, therefore, was covered by the applicable CBAs. Doc. No. 108 at 3.

To the extent Plaintiffs seek to strike these paragraphs on the grounds that they contradict the sworn testimony of witnesses other than Mr. Franzone, the motion is DENIED. That Mr. Franzone's statements differ from the testimony of other witnesses is not a basis to strike them. To the extent Plaintiffs seek to strike these paragraphs on the grounds that they contradict documentary evidence, the motion is DENIED. Plaintiffs cite to Defendants' filings with the Secretary of State, which describe the business of both companies as "Contractor, Concrete" as grounds for their argument that Mr. Franzone's statements are contradicted by documentary evidence (Doc. No. 108 at 4), but the descriptions of the companies' work is at too high a level of

6

generality to render Mr. Franzone's more detailed description of the work performed by Engineered inconsistent with them.

However, there is a clear conflict between Mr. Franzone's statements in paragraphs 23 to 29 of his affidavit and his deposition testimony. In his deposition, Mr. Franzone gave the following testimony:

> Q. So Accurate – the two companies that I see us dealing with are Accurate and Frank Franzone, Inc. You said Accurate would bid union jobs, and Frank J. Franzone would bid non-union jobs?
>
> A. That's correct.
>
> Q. What were the differences between the type of work that those two companies did, Accurate and Frank J. Franzone?
>
> A. Probably none.
>
> Q. What type of work do they do?
>
> A. Gypsum. Occasionally we did some lightweight cellular concrete.

Doc. No. 106-2 at 9-10 (Franzone Dep. Tr. at 28-29).

For the same reason articulated as to paragraphs 6-10 of Mr. Franzone's Affidavit, Plaintiffs' motion to strike paragraphs 23-29 of Mr. Franzone's Affidavit is ALLOWED.

    d. <u>Additional paragraphs</u>

Plaintiffs move to strike additional paragraphs of Mr. Franzone's Affidavit. Because these paragraphs are not relevant to the resolution of the parties' pending motions for summary judgment, the Court DENIES Plaintiffs' motion to strike these additional paragraphs as MOOT.

IV. <u>Defendants' Motion to Strike Exhibits FF and LL to the Unified Statement of Undisputed Facts (Doc. No. 116).</u>

Defendants move to Strike Exhibits FF and LL (Doc. Nos. 106–32, 106-39) submitted by Plaintiffs in support of their motion for summary judgment. Doc. No. 116. Plaintiffs oppose. Doc. No. 120. Exhibit FF is a summary of the Massachusetts Laborers' benefit rates for the time

7

period 2011-2018. Exhibit LL is the Massachusetts Laborers' Benefit Funds rate sheet showing the rates effective December 1, 2010. Plaintiffs submitted these exhibits in support of their motion for summary judgment in direct response to Defendants' complaint that they could not verify that the contribution rates Plaintiffs used when calculating the unpaid contributions they claim are due to them. Defendants argue in their summary judgment papers that Plaintiffs' damages calculations are inadmissible because "there is no evidence that the hourly benefit contribution rates that were supposedly inputted into the computer program [Plaintiffs' auditor] used to generate his calculations are the hourly benefit contribution rates from the CBAs which the Plaintiffs seek to enforce, or that the hourly benefit contribution rates supposedly inputted into the computer program are otherwise accurate." Doc. No. 116 (citing Doc. No. 90 at 23-24).

Defendants now move to strike Plaintiffs' exhibits on the grounds that Plaintiffs' attorney, who avers that that are "true and accurate copies" of the documents they purport to be has no personal knowledge "as to who prepared [these] document[s], when the document[s] [were] prepared, why the documents [were] prepared (i.e., if specifically for this litigation), and where the hourly benefit contribution rates set out in the document[s] come from." Id. at 2, 3. Defendants also object to the exhibits on the grounds that Plaintiffs' attorney "obviously does not have (or avers to have) any personal knowledge that the hourly benefit contribution rates set out in the document are the hourly benefit contribution rates that were supposedly inputted into the computer program [Plaintiffs' auditor] supposedly used to generate the calculations." Id. at 2.

Defendants' objections are without merit. They offer no reason or evidence to suggest that the documents are not what they purport to be. Nor do they bother to apply the contribution rates provided in the documents to test Plaintiffs' calculations to determine for themselves whether Plaintiffs' damages assessment is consistent with an application of those rates. Presumably,

Defendants have their own copies of the rates sheets they have used to pay contributions to the Funds (for work by Accurate employees on union jobs) for nearly three decades or the same from discovery. They are perfectly situated to determine the authenticity and accuracy of the exhibits or to identify actual defects in the documents. They have not challenged them on this basis. In the face of this, the showing made suffices. Defendants' motion to strike Exhibits FF and LL (Doc. No. 116) is DENIED.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin

United States District Judge